UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIMBERLY J. THOMAS,<br><br>    Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO, COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | CIVIL ACTION NO. 4:24-CV-01077<br><br>(MEHALCHICK, J.) |

**MEMORANDUM**

Presently before the Court is a report and recommendation filed by Magistrate Judge Phillip J. Caraballo ("the Report") recommending that the decision of the Commissioner of Social Security, (hereinafter, "the Commissioner") denying Plaintiff Kimberly J. Thomas's ("Thomas") claims for disability insurance benefits ("DIB") under Title XVI of the Social Security Act be affirmed. (Doc. 20). On August 13, 2025, Thomas filed a timely objection to the Report. (Doc. 21). On August 21, 2025, the Commissioner filed a response to Thomas's objection. (Doc. 22). Based on the Court's review of the relevant filings along with the Report, Thomas's objection (Doc. 21) is **OVERRULED**, and the Report (Doc. 20) will be **ADOPTED IN ITS ENTIRETY**.

I. **LEGAL STANDARD**

"A district court may 'designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition' of certain matters pending before the court." *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011) (quoting 28 U.S.C. § 636(b)(1)(B)). Within fourteen days of being served a Report and Recommendation, "any party may serve and file written

objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1). When a party timely files objections, the district court is to conduct a *de novo* review of the challenged portions of the Magistrate Judge's findings unless the objection is "not timely or not specific." *Goney v. Clark,* 749 F.2d 5, 6–7 (3d Cir.1984); 28 U.S.C. § 636(b)(1). The Court may then "accept, reject, or modify, in whole or in part, the findings and recommendations." 28 U.S.C. § 636(b)(1). "Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper." *Rahman v. Gartley*, No. CV 3:23-363, 2024 WL 555894, at *1 (M.D. Pa. Feb. 12, 2024) (citing *United v. Raddatz*, 447 U.S. 667, 676 (1980)).

**II. DISCUSSION**

Since the Report correctly states the procedural and factual background of this case, it will not be repeated in its entirety here. (Doc. 20). However, the necessary background for the purpose of the instant Order is as follows. Thomas applied for DIB on July 6, 2021, alleging she suffered from complete disability due to depression, anxiety disorder, asthma, knee problems, hip problems, back problems, bipolar disorder, hypotension, attention deficit/hyperactivity disorder, and sleep problems. (Doc. 11-3, at 2-3; Doc. 20, at 3). The Social Security Administration (the "SSA") denied Thomas's application for DIB on December 10, 2021, and denied Thomas's request for reconsideration on August 16, 2022. (Doc. 11-4, at 8-11, 19-21; Doc. 20, at 3).

Thomas requested an administrative hearing regarding the SSA denying her application for DIB and on July 13, 2023, Administrative Law Judge Michelle Wolfe ("ALJ

Wolfe") held a hearing regarding Thomas's DIB application. (Doc. 11-2, at 41-58; Doc. 20, at 3). ALJ Wolfe evaluated Thomas's clinical records, medical history, and testimony along with expert medical reports and testimony to conclude that Thomas was not disabled as defined by the Social Security Act during the relevant period. (Doc. 11-2, at 18-38; Doc. 20, at 3). Accordingly, the Commissioner denied her DIB application. (Doc. 11-2, at 1, 18-38; Doc. 20, at 3). At the time of ALJ Wolfe's decision, Thomas was fifty-four years old. (Doc. 11-2, at 30; Doc. 20, at 3). Thomson filed an administrative appeal with the SSA Appeals Council which the SSA Appeals Council denied on May 6, 2024. (Doc. 11-2, at 2-4; Doc. 20, at 7).

      Thomas initiated this action by filing a complaint on July 1, 2024. (Doc. 1). The complaint alleges that ALJ Wolfe erred when determining that Thomas was not disabled under the Social Security Act and the Commissioner erred in denying Thomas's DIB application. (Doc. 1). On July 1, 2024, Thomas filed a motion for leave to proceed in *forma pauperis* which was granted on July 2, 2024. (Doc. 2; Doc. 6). On November 18, 2024, Thomas filed a brief in support of her social security appeal in which she argued ALJ Wolfe and the Commissioner erred in determining she was not disabled because they did not consider the possibility that Thomson was a "borderline case" whom should be considered to be part of the "advanced age" category of DIB applicants. (Doc. 15, at 3). This case was reassigned to Magistrate Judge Caraballo on February 13, 2025. Judge Caraballo reviewed ALJ Wolfe and the Commissioner's decisions and issued the Report recommending that the Court affirm the Commissioner's decision, direct that judgment be entered in the Commissioner's favor, and instructing the Clerk of Court to close this case. (Doc. 20).

Judge Caraballo explained that under federal regulations, administrative law judges and the Commissioner must consider what age category a DIB applicant falls into when determining whether the DIB applicant is disabled under the Social Security Act because different age categories are subject to different considerations. (Doc. 20, at 6). Federal regulations state that DIB applicants fall into three age categories: 1) a "younger person" who is under the age of fifty, 2) a "person closely approaching advanced age" who is between the ages of fifty and fifty-four, and 3) a "person of advance age" who is fifty-five or older. 20 C.F.R. § 416.963. Federal regulations also state that if a DIB applicant is "within a few days to a few months of reaching an older age category," they will be considered a borderline case who is part of the older age category if "using the older age category would result in a determination or decision that [the applicant is] disabled." 20 C.F.R. § 416.963(b). Judge Caraballo found that the ALJ and the Commissioner properly determined that Thomson fell under the age category of "person closely approaching advanced age" when denying her application for DIB because she was between the ages of fifty and fifty-four and did not qualify as a borderline case. (Doc. 20, at 6-14). After reviewing the relevant filings, the Court finds no error in Judge Caraballo's conclusions. (Doc. 20). The Court finds Judge Caraballo's analysis to be well-reasoned and supported by the applicable law. (Doc. 20).

Thomas argues that Judge Caraballo improperly rejected her arguments that ALJ Wolfe and the Commissioner should have considered her to be a "person of advanced age" when considering her DIB application because at the time of ALJ Wolfe's decision, she was between eight and nine months of the age of fifty-five which she avers is "within a few days to a few months" of the "person of advanced age" category. (Doc. 21). A DIB applicant is

considered a borderline case if they are "within a few days to a few months" of an age category. 20 C.F.R. § 416.963(b). As noted by Judge Caraballo, SSA internal guidance defines "a few months" as not exceeding six months. (Doc. 20, at 13-14). *See also Samuel v. Comm'r of Soc. Sec.*, No. 3:22-CV-00848, 2023 WL 6129506, at *4 (M.D. Pa. Sept. 19, 2023). As further noted by Judge Caraballo, courts have consistently determined that "a few months" means not exceeding six months. (Doc. 20, at 12-13). *See Roberts v. Barnhart*, 139 F. App'x 418, 420 (3d Cir. 2005) (nonprecedential) (finding five to six months to be more than "a few months"); *see also Ard v. O'Malley*, 110 F.4th 613, 619 (4th Cir. 2024) (explaining that "a few months" means not exceeding six months); *see also Henry v. Comm'r of Soc. Sec.*, 678 F. App'x 392, 395 (6th Cir. 2017) (same); *see also Samuel*, 2023 WL 6129506, at *4 (same). Applying this authority, Judge Caraballo determined that ALJ Wolfe and the Commissioner were correct in their determination that Thomas fell in the "person closely approaching advanced age" category because she was more than six months away from her fifty-fifth birthday at the time of ALJ Wolfe's decision and thus could not be considered a borderline case. (Doc. 20, at 12-14).

Thomas responds to the Report by arguing that Judge Caraballo's citation to *Roberts v. Barnhart*, an unreported Third Circuit case from 2005, was in error because the case is nonprecedential, it did not involve someone who was approaching the age of fifty-five, and the DIB applicant in *Roberts* would not have been considered disabled regardless of her age category. (Doc. 21, at 3-4). However, even if the Court disregards *Roberts*, Thomas does not respond to Judge Caraballo's citations to SSA guidance or the overwhelming weight of recent caselaw which defines a "few months" as not exceeding six months. (Doc. 20, at 12-14).

5

Thomas's objection is reliant on caselaw which predates both guidance from the SSA that "a few months" means not exceeding six months and the caselaw Judge Caraballo cited applying that guidance. (Doc. 21, at 5-6). Accordingly, the Court agrees with Judge Caraballo's conclusion that the Court should affirm the Commissioner's decision. (Doc. 20).

### III. CONCLUSION

The Court agrees with the Report's sound reasoning and discerns no error of law. Accordingly, it will be ordered that the Report (Doc. 20) is adopted in its entirety as the opinion of the Court. The decision of the Commissioner is affirmed, and the Clerk of Court will be directed to enter judgment in the Commissioner's favor and close this case.

An appropriate Order will follow.

**Dated: August 28, 2025**                                      *s/ Karoline Mehalchick*
                                                               **KAROLINE MEHALCHICK**
                                                               **United States District Judge**